**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA,

vs.                                                                                  CASE NO. 8:10-cr-258-T-17MAP

JOHN W. LEBRON,

_____/

**ORDER**

This cause comes before the Court on Defendant, John W. Lebron's ("Lebron"), Emergency Motion for Humanitarian Relief. (Dkt. 315). Lebron seeks an order releasing him to the custody of his sister to transport him to St. Joseph's Hospital to visit his father who has been diagnosed with a terminal illness. Alternatively, Lebron seeks an order permitting Lebron to be escorted to and from St. Joseph's Hospital by the U.S. Marshals. The government objects to any order releasing Lebron to the custody of his sister, but the government has not weighed in one way or the other with regards to an order permitting the U.S. Marshals to facilitate the transportation. (Dkt. 315, ¶ 8).

The vicissitudes of Lebron's father's medical condition cannot be understated. According to the attending physician, "[h]e is in grave condition from metastatic cancer to his lung and liver. He is currently on Hospice and may succumb to death with 24 hours." (Dkt. 315, Exhibit 2). Lebron's request to be released to the custody of his sister, however, is denied and will not be considered in the future. Lebron's request to be released to the U.S. Marshals is denied without prejudice to renew the motion once the following conditions are met:

> 1) A security check with local law enforcement and the arresting agency will be made to determine if any family member or associate is a fugitive, or if such persons would pose a threat to the prisoner or the deputies;

    2) An "advance" of the destination should be conducted, if appropriate;
    3) The prisoner will be fully restrained;
    4) District management will determine the length of the visit, up to a maximum of one (1) hour. The visit may be terminated at any time if conditions indicate a safety or security risk. The private viewing or visitation will be limited to the prisoner, the transporting deputies, the funeral director or medical personnel, and the deceased or critically ill. It may be advisable to have the deceased brought by the funeral director to an alternate location for viewing;
    5) There will be no advance notice to the prisoner concerning the date or time of the visit;
    6) A minimum of one-on-one plus one deputy will be used on any aforementioned detail. The detail may be augmented with additional deputies at the discretion of district management; and
    7) Payment of the costs of USMS personnel and transportation will be sought prior to each deathbed visit, viewing, and other special situations.

Lebron may submit a renewed motion and attach to it a statement by a U.S. Marshals representative that each of the aforementioned requirements has been met (i.e., payment of all costs to the U.S. Marshals) or will be complied with during the visit (i.e., the prisoner will be fully restrained). The renewed motion must also disclose whether the U.S. Marshals determines that any of the aforementioned safety measures is not appropriate in this instance. The Court will reconsider the application at that time. Accordingly, it is

    **ORDERED** that Defendant, John W. Lebron's ("Lebron"), Emergency Motion for Humanitarian Relief is DENIED without prejudice. Lebron may file a renewed motion in accordance with this Order.

    **DONE AND ORDERED** in Chambers in Tampa, Florida this 25th day of February,

2013.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Counsel of Record
U.S. Marshals
Pretrial Services